begin with the argument in 21-273 USA v. Clenista. Ms. Femia, you're up. Good afternoon, your honors. May it please the court. My name is Elizabeth Femia and I am counsel for defendant appellant Marlon Clenista. The decision below should be reversed because the district court did not reconsider the section 3553A factors in the context of Mr. Clenista's circumstances at the time he filed his motion for compassionate release. Instead, the judge denied Mr. Clenista's compassionate release motion based solely on his circumstances at the time he was originally sent. Well, do we know that the district judge didn't consider the factors anew again? I mean, just because he didn't explicitly refer to them, he did read the papers and the papers went through all of the factors. Yes, but as this district court's mere passing mentioned, any of the section 3553A factors is not enough to satisfy its duty to genuinely consider and address those factors. And I think as the government even mentioned in its own brief, you can presume that they considered the factors unless the record suggests otherwise. And here on the record of the decision itself, none of those factors are mentioned as evidence that they weren't considered. The judge did reference what he thought was important, apparently, which were factors that had been in play at the time of the original sentence, but had not changed. The judge thought that what was important or most important in the sentencing were the facts of the seriousness of the offense and the seriousness of the defendant's record. And if that outweighed mitigating circumstances at the previous, at the original sentencing, why couldn't the judge say, and it still does now? What would make you think that the judge somehow mistakenly thought that he should not consider additional mitigating factors or additional factors favoring a reduction in sentence? I think it's impossible for us to know with the current record and his description of it really seems to base that entire thing on simple facts from the original record. But if those factors are important, isn't that something that happens frequently at a sentencing that a judge says the overwhelming thing here that justifies this sentence is X, whatever it is. That doesn't mean, and we have this all the time, we say, well, the judge doesn't have to ritualistically recite that he's considered all the other things, each and every one that the defendant brought up or the government brought up. If the judge gives a reasonable explanation of why the sentence was given, why isn't it the same here? I'd say certainly, but I think if you look at some of this court's other sort of orders on compassionate release, say in United States v. Session or United States v. Roney, the courts found it significant that they've, the court, the district court did a reasoned analysis that included things such as COVID-19 situation, availability of medical care, the amount of time in the sentence already served. And I think Mr. Clunista and we are not arguing that the original sentencing factors are not relevant. They can still definitely be taken into consideration, but it's just that they must be weighed in consideration and in the context of the new and changed circumstances that are the basis of the compassionate release petition. But are you talking about what the judge has to do or what the judge has to say? If, in other words, it would be a different matter, at least to me, if the judge said, well, Ms. Femia, you've raised these various considerations, but they're all novel things. They weren't in play at the time of the original sentencing, and so I'm not going to consider them. Then your argument that that would be error would be in play. But if the judge gives a like you're saying, there is a requirement that the judge referenced these factors. I think that the record should show that they considered the changed circumstances, and I think moreover- Are you saying that, by the way? Are you saying that a judge has to refer to all of these factors? I think it should be clear from the record that the changed circumstances were considered- You have to say it. Does the judge have to say it? Because again, the motion papers argued all of these factors. This is a very experienced district judge. I mean, is there anything to suggest he didn't read the papers or that he didn't consider the factors? I think it's relevant that if you just say the defendant's characteristics all counsel against, I see I'm out of time. Oh, no, it's okay. Feel free to- His characteristics all counsel against granting this motion, which I find strange in the context of the changed circumstances that he brought to the court, including his family circumstances, his perfect disciplinary record in prison, his rehabilitation, and the COVID-19 situation. I think none of those- Ms. Femi, were you counsel for Clinista before the district court? No, I was not. But you've been in touch presumably with the person who did represent Mr. Clinista, right? Yes, our team has. And you've seen the transcript, right? Yes, I have. And as Judge Chin was suggesting, all of these matters were brought to Judge Kaplan's attention by the submissions, oral and non-oral, of Clinista's counsel. So why should we assume that he did not consider them when all of these matters were brought to his attention? I think that as I've, I guess, articulated, I think some of these factors are new from the original sentencing, including sort of the exacerbated family circumstances from the pandemic and the effect of COVID-19 on Mr. Clinista's time in prison, as well as his disciplinary record and time already served. I think that it is just, district court, if they just mere passing to the factors, the section 3553A factors won't make up for a thoughtful and reasoned analysis that we've had. Do my colleagues have any further questions? No. All right. You reserve one minute, and I've given you a little extra time, appropriately. Ms. Steiner, to be heard. Yes, Ms. Steiner. May it please the court. My name is Mitzi Steiner. I represent the United States in this appeal, as I did in the compassionate release proceedings in the district court. The district court was well within its broad discretion to decline to grant the defendant a significant sentencing reduction pursuant to the First Step Act. And the district court's analysis was anything but a mere passing mention to the 3553A factors. The district court considered the fact that this was the defendant's second conviction for conspiracy to distribute methamphetamine, that the defendant had the, quote, audacity of committing the offense while on supervised release for essentially the same crime, and that the defendant had a substantial criminal history, which included, in addition to his prior federal narcotics conviction, prior state convictions for theft by deception, receipt of stolen property, and burglary. What is, does the government agree that a defendant who's serving a mandatory minimum sentence can still be granted compassionate release or reduction based on a motion for compassionate release? Yes, Your Honor. The government would concede that point, and this court has already implicitly ruled as much in cases like Brooker, which were sentencing reduction cases involving mandatory minimum sentences. And what about, there's another issue lurking here, and that is, is a district court that is considering a motion for compassionate release required to consider changed circumstances? Or can a district judge say, I don't think the new circumstances are relevant. The circumstances back at sentencing are so bad that I'm going to deny the motion. What's the government's view? In short, your answer, no, the district court is not required to do so. Under the First Step Act, the district court is required to consider the 3553A factors to the extent they are applicable to a given sentencing reduction motion. So in that analysis, a district court may consider changed circumstances, but it's certainly not required to do so. And here, Your Honor, I don't think that we need to reach that in his detailed analysis of the defendant's medical history and COVID circumstances before he subsequently went into the other 3553A factors that weighed against the sentencing reduction. I'm not sure, why do you say that? I mean, if the First Step Act says consider the 3553A factors in deciding about a motion for a sentence reduction that is authorized, why would you think that that means that the judge could disregard something that at this moment, when that motion is under consideration, is relevant to one of the 3553A factors and say, I'm just going to look at what his record was back at the time. Wouldn't the government be somewhat miffed if it said, judge, you should not grant this motion because look at this person's horrible disciplinary record in prison. He's actually been convicted of knifing another prisoner. And the judge said, well, I don't care about that. I'm going to look at, it was a sort of line, not so bad record back in the day. And I just barely gave him that sentence at that time. And now there's COVID. So I'm going to grant a reduction. I'm not going to pay any attention to the worst record. You think that would be a rational thing for a judge to do or something that's permitted by the statute? I take your point, Your Honor. And certainly a district court may consider those changed circumstances. Again, presumably that would speak to the history and defense in the current time. However, one could imagine a situation where either the offense is so egregious, multiple murders, or even in this case where we have an individual who committed a substantial... Maybe it's a matter of semantics, but shouldn't the court at least consider the change in circumstances? The court may say, I've considered them and I give them no weight, but isn't there a decent argument that the district judge should at least weigh them? Again, Your Honor, under the First Step Act, the district court is required to consider the 3553A factors to the extent they are applicable. And there could be a situation where a district court determined that they would not. So in addition to- 3553A factors ever not applicable? I mean, as a whole? Certain of the 3553A factors in any given case will be weighed to varying degrees based on the circumstances of the case and the views of the judge towards a particular defendant. But I would say, for example, in a case like Keet, this court's recent decision a couple of motion just three days after his sentence. And so in those circumstances, to require a district court to consider changed circumstances when the district court is so familiar with the current record would not provide the district court with the discretion that we typically afford it in sentencing matters. Right. But in that case, there wouldn't be any... Presumably wouldn't be any new circumstances. And if there had been one, he'd been struck by lightning the day before and was now incapacitated and no longer a danger to the public and is now going to be very expensive to maintain in a prison hospital. That might not... There might be very good reasons to say no for deterrent reasons or whatever. I still think he should stay in jail, but you're saying, the judge could just say, no, I don't care what happened yesterday. I only care what happened two days ago. How could that be? I think the judge, again, who would be very familiar with the record in that case, having just done the sentencing, would have a strong view on the nature of the offense and whether or not a sentencing... You see, I think you're totally misunderstanding my point. It's not that the judge couldn't say that this does not matter to me. Having considered it, I do not think it is a good reason to reduce the person's sentence. And the reason why is something that existed at the time of the original sentencing and still exists now. I'm not even saying that the judge has to make all that explicit, but you're taking the position that the judge could actually say, I'm not going to read that brief because it refers to all these things that happened yesterday. And I just totally think that's not allowed by the statute. And you would say, well, wouldn't that be wrong? I don't believe so, your honor. I would point your honor to Moore, for example, where under the First Step Act provision, dealing with sentencing reductions with crack cocaine disparities, there, this court has ruled that a district court may consider post-sentencing rehabilitation or other changed circumstances, but it's not required to do so. And here, again, I don't think we need to reach that point because Judge Claflin did take into account the changed circumstances. I went into great detail about the medical history of the defendant, the COVID circumstances facing both the defendant and the nation. And I think critically stated that it could not overlook in the present tense, weighing that against the other 3553A factors, which here included the defendant's recidivism, having committed the offense while unsupervised release for having committed essentially the same crime, the substantial criminal history, the need for just punishment, and the need to protect the community. So, Ms. Steiner, you're suggesting that he did, in fact, consider all of these factors. Is that right? Yes, your honor. And there's nothing in the record to indicate otherwise. As I said, Judge Caplan clearly reviewed the defendant's medical circumstances, which was one of the changed circumstances presented by the defendant. And the defendant presented other but there's no indication that Judge Caplan would have chosen to review only some of those changed circumstances and not other when reviewing the record. Thank you very much, Ms. Steiner. Ms. Femi has reserved some time. Ms. Femi, let me ask you a clerical question. Simply because I'm presiding and I want to make sure the records are straight. Are you with Hogan Lovells? Yes, I am. Okay, I just wanted to, as I saw, up to now, we had only, as far as I can tell, we only had appearances by Mr. Feinberg and Mr. Barrera. So that's fine. I would like to first respond to Ms. Steiner's point on the crack cocaine provisions that this aspect of the First Step Act is very different from a compassionate release, in that the changed circumstances that could be considered there by the text of the own act are sections two and three of the Fair Sentencing Act of 2010. Whereas under compassionate release, it's a much broader set of considerations that can be considered. As this court has emphasized in the United States v. Brooker. I'd also like to point out that the medical history was considered under the compelling extraordinary and compelling circumstances prong, which the district court explicitly said it did not decide on. And it's not clear from then moving on to its discussion of the section 3553a factors that it was even aware that it could consider that within that prong as well. And then finally, I'd like to emphasize that Mr. Clinista is not asking for anything unreasonable or drastic. He's already served more than half his sentence. He's participating in the residential drug abuse program, which will take a year off his sentence and make him eligible for a year and a halfway house. So he could be the court should remand the case so the district court can properly evaluate the section 3553a factors within the context of the change circumstances that Mr. Clinista put forth in his compassionate release petition. Thank you. Thank you very much. Will reserve decision. Well argued by both of you. We appreciate it very much.